**FILED**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MAR 1 4 2006

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

| | | |
|---|---|---|
| In re | | ) | Case No. |
| | C. Kelly Olsen, | ) | |
| | | ) | PETITION FOR WRIT OF |
| | Petitioner, | ) | HABEAS CORPUS *Ad Subjiciendum* |
| vs. | | | |
| | Dan Joslin, Warden | | CASE NUMBER   1:06CV00478 |
| | FDC Seagoville | | JUDGE: Gladys Kessler |
| | Respondent. | | DECK TYPE: Habeas Corpus/2255 |
| | | | DATE STAMP: 03/14/2006 |

## PETITION FOR WRIT OF HABEAS CORPUS

C. Kelly Olsen, inhabitant of California, applicant herein (hereafter Petitioner), hereby

applies to this Court for a writ of habeas corpus *ad subjiciendum* in the course of the common

law as guaranteed pursuant to Article I, § 9, of the Constitution of the United States, and would

show the Court that Petitioner is illegally restrained of his liberty by Dan Joslin, Warden of

Seagoville Federal Detention Center, Seagoville, Texas at 2113 North Hwy 175, Seagoville, TX

75159, the nature of such illegal restraint being uncertain, as no arrest warrant has been given

Petitioner as reason for his arrest and detention, however, to the best of Petitioner's information

and belief, the only probable reason being indirect civil contempt of court, failure to comply with

the Receivership Order and failure to comply with the Turnover Order, in a civil matter.

### JURISDICTION

This Court has jurisdiction to hear and grant this application and issue the writ of habeas

corpus, admit to bail pending hearing and discharge Petitioner if restraint is found to be illegal

— pursuant to 28 U.S.C. § 2241(a) (in as much as this court appears to be the only continental

"district court", said term being defined in 28 U.S.C. § 451 as meaning those courts constituted

by chapter 5 of Title 28[1], and for reason of nationwide application of § 2241[2] and 28 U.S.C. § 2241(c)(1), (2) and (3)

> "(c) The writ of habeas corpus shall not extend to a prisoner **unless** - - (1) He is in custody under or by color of the authority of the United States..." (2) ...an order, process, judgment or decree of a court or judge of the United States. (3) He is in custody in violation of the Constitution or laws or treaties of the United States."

Articles I § 11 and VI § 10 of the 1879 California Constitution as Amended in 1994; Article I, § 9, Cl. 2 of the Constitution of the United States; Article VIII of the Universal Declaration of Human Rights, U.N. Res. 217 A(III) of December 10, 1948; The International Covenant on Civil and Political Rights, U.N. Res. 2200 A (XXI) of December 16, 1966 and Ratification of the Covenant by the United States Senate on April 2, 1992, and signed by President George Bush on June 1, 1992; and, citing California Penal Code (CPC) §§ 1473(a) and (d) [without prejudice] — when violations of Petitioner's 4th Amendment to the Constitution of the United States rights and guarantees of due process under the 5th Amendment are violated, i.e., **arrest without warrant in the absence of probable cause, absent reading of rights and being held without bail, absent arraignment, imprisoned and held for trial in a civil case**, are alleged.

Petitioner declares as follows:

1. I am presently restrained of my liberty absent a warrant, complaint, claim or valid process issuing from a Court of competent jurisdiction, in violation of my rights as guaranteed

---

[1] Whether or not name change from District Court of the United States to United States District Court (USDC) in 1948 contemplates "constituted", this court is the only USDC competent upon which congress has expressly conferred Article III powers. United States District Court for the Northern District of Texas (USDC NDT) was constituted February 24, 1879 by 20 Stat. 318 (45th Congress) therefore not contemplated as being defined in § 451 as a "district court" constituted by chapter 5 of Title 28.

[2] O'Donoghue v U.S. 289 US 516, 77 L.Ed 1356, 53 S.Ct. 740.

by the California Constitution, Texas Constitution, and the 4th, 5th and 6th Amendments to the Constitution of the United States; and

2. I was under duress, threatened and coerced with arrest and imprisonment if I did not attend a "Show Just Cause" hearing in a case that I had been a party to but case 3:99-CV-0571 had been closed, see Exhibit A. I was issued no subpoena, no arrest warrant has ever issued; and

3. I traveled from California under the cloud of that threat, and did appear at that hearing April 25, 2005.

4. At that hearing I was not allowed to mount a defense and was summarily charged with civil contempt and arrested and incarcerated in the detention center at Mansfield, Texas, at that time I was provided with the order regarding incarceration under 3:99-CV-0571, now a closed case, see Exhibit B.

5. On July 6, 2005, upon my request I was granted a "Temporary Conditional Furlough" to do an accounting to purge myself of contempt under a different case 3:02-CV-0605 of which I had no knowledge and had never received summons or subpoena to same, see Exhibit C.

6. On November 17, 2005, I returned to the same court under the threat of incarceration under 3:02-CV-0605, a case to which I am not a party. I again was not allowed to mount a defense. In fact the judge allowed the Receiver to verbally browbeat me from the witness stand resulting in intimidation, fear and confusion. The judge subsequently signed an order prepared by Receiver's counsel terminating the "Temporary Conditional Furlough" and re-incarcerated me under case 3:02-CV-0605 this time at the Federal Detention Center at Seagoville, Texas. I am still incarcerated.

7. At no time before, during or after my arrest have I been informed of my rights (mirandized), been presented with a copy of an arrest warrant or have been arraigned, in violation of my due process rights guaranteed under the 4th, 5th and 6th Amendments to the Constitution of the United States ; and

8. I have been continuously held without bail in violation of my due process rights guaranteed under the 4th, 5th and 6th Amendments to the Constitution of the United States.

9. Petitioner does not waive any rights including those protected under the laws of the United States, the state of California and the state of Texas.

Again, petitioner is not a defendant nor a party nor has Petitioner been accused of or charged with the violation of any law of the United States nor has any decree or injunction to enforce the laws of the United States issued to or against petitioner.

Petitioner seeks habeas relief from this illegal and unlawful incarceration.

WHEREFORE, Petitioner respectfully prays that your Honor issue a Writ of Habeas Corpus commanding Dan Joslin, Warden of Seagoville Federal Detention Center, to have said Petitioner brought before your Honor at such time and place as you may designate, and that Dan Joslin, Warden of Seagoville Federal Detention Center, be required to show cause why Petitioner is detained and should not be released forthwith, and that pending traverse and hearing, that Petitioner be released on his own recognizance.

Dated: March 13, 2006

C. Kelly Olsen, Petitioner
34569-077
Seagoville, FDC
P.O. Box 9000
Seagoville, TX 75159

4

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Sworn to and subscribed this 13th day of March, 2006.

C. Kelly Olsen

## CERTIFICATE OF SERVICE

I, Denise V. Reese, do hereby declare under penalty of perjury, that I am a citizen of the United States, over the age of 18 and not party to the action, and that I filed a true copy of the above **PETITION FOR WRIT OF HABEAS CORPUS**, by placing with Federal Express all fees paid with the court listed below and Dan Joslin, Warden of Seagoville Federal Detention Center this the 13th day of March, 2006.

Clerk of the Court
U.S.D.C. for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

**Federal Express No.: 8566 5190 8935**

Dan Joslin, Warden
FDC Seagoville
Federal Detention Center
Attn: Warehouse
2113 North Hwy 175
Seagoville, TX   75159

Executed this 13th day of March, 2006, at Rancho Cordova, California.

Denise V. Reese

# AFFIDAVIT IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS
of
C. Kelly Olsen

I, C. Kelly Olsen, Affiant herein, hereby depose and state the facts herein and attest that this Affidavit is true, correct and complete, to wit:

1.  That, I have personal knowledge of each of the facts stated herein; and

2.  That, I am of lawful age and am competent to make this Affidavit; and

3.  That, I am not a ward of, or under the guardianship of or conservatorship of another person or entity; and

4.  That, this Affidavit is made as a matter of public record, in my own sovereign right, in *sui juris* capacity; and

5.  That, I am a flesh-and-blood, natural born man, one of the People and a member of the sovereign class, "We the People", and

6.  That, it is my information and belief that this first-class status enjoys the God-given, "unalienable rights" declared by the Declaration of Independence and guaranteed by the Constitution of the United State of America; and

7.  That, I am an inhabitant in the state of California, where I have occupied such status for the past fifty-four (54) years; and

8.  I am arrested without a warrant on April 25, 2005, incarcerated in a civil case to which I am not a party; and

9.  I have been incarcerated from April 25, 2005 to July 6, 2005 followed by a "Temporary Conditional Furlough" until the furlough was terminated and I was re-incarcerated on November 17, 2005 until present; and

10.    I am not a party to case 3:02-CV-0605-R and never received a summons or subpoena to establish a nexus for personal jurisdiction purposes of my Person to the Texas court; and

11.    Further, Affiant sayeth naught.

Dated: March 13, 2006

*C. Kelly Olsen*

C. Kelly Olsen

## **VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Sworn to and subscribed this 13th day of March, 2006.

*C. Kelly Olsen*

C. Kelly Olsen

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 5 2005

CLERK, U.S. DISTRICT COURT
By _____
      De

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | No. 3:02-CV-0605-R |
| RESOURCE DEVELOPMENT INTERNATIONAL, LLC, DAVID EDWARDS, JAMES EDWARDS, JADE ASSET MANAGEMENT, LTD, SOUND FINANCIAL SERVICES, INC, INTERCOASTAL GROUP, LLC, INTERCOASTAL GROUP II, LLC, KEVIN LYNDS, GERALD J. STOCK, BLACKWOLF HOLDINGS, LLC and WILLIAM WHELAN, | § § § § § § § § § § § § § | |
| Defendants, | § § | |
| and | § § | |
| PACIFIC INTERNATIONAL LIMITED PARTNERSHIP, INTERNATIONAL EDUCATION RESEARCH CORPORATION, GALAXY ASSET MANAGEMENT, INC. and DAVID CLUFF, Individually and d/b/a RIVERA TRUST 410, | § § § § § § § | |
| Defendants Solely for Purposes of Equitable Relief. | § § | |

## MOTION TO HOLD C. KELLY OLSEN IN CIVIL CONTEMPT FOR CONTINUED NON-COMPLIANCE WITH THIS COURT'S ORDERS AND FOR "SHOW JUST CAUSE" HEARING

The Securities and Exchange Commission (the "Commission") and the Receiver Lawrence J. Warfield ("Receiver") jointly request that this Court hold C. Kelly Olsen ("Olsen") in civil contempt for Olsen's continued non-compliance with this Court's March 25, 2002 Order Appointing Temporary Receiver ("Receivership Order") and August 4, 2003 Order Re: Petition No. 50 ("Turnover Order") concerning the RDI

Exhibit A

Receivership.

Accordingly, the Commission and the Receiver request the Court to set a hearing at which Olsen must show just cause as to why he should not be held in civil contempt and confined until such time as he demonstrates compliance with the Court's orders.

1. On March 25, 2002, the Court entered the Receivership Order, by which the Court took exclusive jurisdiction and possession of a range of assets described and defined in the Receivership Order as the "Receivership Assets," including defrauded RDI investor funds. Receivership Order, para. 1.

2. The Receivership Order directs all "Defendants and Relief Defendant" and *"all persons in active concert or participation with them who received actual notice of this [Receivership Order]" to "promptly deliver to the Receiver all Receivership Assets in the possession or under the control of any one or more of them and [to] promptly surrender all books and records of any kind pertaining or belonging to Defendants or Relief Defendant.* " Receivership Order, Exhibit A, para. 1 (emphasis added).

3. As part of his RDI investigation, the Receiver initially traced $989,781 of Receivership Assets (RDI investor funds) to Olsen. See Declaration of Lawrence Warfield ("Warfield Declaration"), filed herewith as Exhibit A, para. 3. The Receiver provided to Olsen the Receivership Order and made demand upon Olsen to turnover to the Receiver all RDI investor funds Olsen received, as required by the Order. A true and correct copy of the Receiver's letter to Olsen dated May 23, 2003 is attached to the Warfield Declaration as Exhibit 1. Olsen acknowledged receipt of the Receiver's letter, which included the Receivership Order, in a letter to the Receiver dated June 2, 2003. A true and correct copy of the Olsen letter to the Receiver is attached to the Warfield Declaration as Exhibit 2. In the letter, Olsen denies receipt of the RDI investor funds identified by the Receiver.

4. As the Receiver's investigation of RDI grew, the Receiver received additional bank records that indicated that Olsen received $1,040,381 in RDI investor funds.

Based on this information, the Receiver requested the Court to enter an Order compelling Olsen to turnover the sum of $1,040,381 to the Receiver. Olsen was personally served with the Receiver's Petition, but failed to file a response. See Declaration of Sherman Atwood ("Atwood Declaration"), attached hereto as Exhibit B, para. 3. On or about August 4, 2003, the Court entered Order Re: Petition No. 50, which orders Olsen to turn over to the Receiver the sum of $1,040,381 in Receivership Assets. A true and correct copy of the Order Re: Petition No. 50 is attached to the Warfield Declaration as Exhibit 3.

5. At the same time Olsen was served with a copy of Petition No. 50, Olsen was Olsen was also personally served with a subpoena to appear before a deposition noticed by the Receiver for the purpose of giving Olsen an opportunity to explain is failure to comply with the Court's Order that he turnover $1,040,381 to the Receiver. Atwood Declaration, para. 3. On Tuesday, November 11, 2003, counsel for the Receiver appeared at the place of the deposition in San Clemente, California, as set forth in the subpoena served upon Olsen and Olsen failed to appear for the deposition. A true and correct copy of the Affidavit of Nonappearance is attached to the Warfield Declaration as Exhibit 4.

6. In addition to being served with a copy of Petition No. 50, and a deposition subpoena, Olsen was also personally served with a summons issued by the Receivership Court and a Complaint filed by the Receiver against Olsen to recover the monies Olsen received as a facilitator of RDI. Atwood Declaration, paragraph 3. On May 26, 2004, the Receivership Court entered a Final Default Judgment in favor of the Receiver and against Olsen in the amount of $1,372,680.29. A true and correct copy of the Final Default Judgment against Olsen is attached to the Warfield Declaration as Exhibit 5.

7. Since the entry of the Order Re: Petition No. 50 and entry of the Final Default Judgment against Olsen, the Receiver has gathered additional information which indicates that Olsen actually received substantially more than the $1,040, 381 set forth in

the Order Re: Petition No. 50. Specifically, the Receiver has now traced the sum of $1,403,386 in RDI investor funds to Olsen or entities owned and controlled by Olsen. A schedule of Receipts and Disbursements to or on behalf of C. Kelly Olsen prepared by the Receiver is attached to the Warfield Declaration as Exhibit 6.

8. The Court's orders (Receivership Order and Order Re: Petition No. 50) are perfectly clear. The Court requires Olsen to turn over to the Receiver the subject Receivership Assets. See Receivership Order and Order Re: Petition No. 50. Olsen's refusal to turn over the Receivership Assets is only the latest of his willful actions demonstrating a disregard for compliance with the Court's orders[1]. Olsen is without just cause for his continued refusal to turn over to the Receiver the subject Receivership Assets in compliance with the Court's orders.

9. Based upon the foregoing, the Commission and the Receiver respectfully request this Court to enter an order setting a hearing at which Olsen must show cause as to why he should not be held in contempt of this Court's orders and confined until his full compliance with same.

WHEREFORE, the Commission and the Receiver Lawrence J. Warfield pray that this Court order Olsen to appear before the Court to show cause as to why he should not be held in contempt of the Court, and upon such hearing, enter an order finding Olsen in civil contempt and direct the United States Marshal to take him into custody and detain him until such time as he complies with this Court's orders, and for such other and further relief to which the Receiver may show himself justly entitled.

---

[1] Olsen was previously incarcerated by this Court for contempt of court. Olsen's assets were placed in receivership in the Securities and Exchange Commission v. Benjamin Franklin Cook receivership (3:99-0571). Because of Olsen's failure to comply with the Court's orders and provide an accounting of the receivership assets he obtained and turn over to the Receiver the receivership assets traced to the Receiver, Olsen was held in contempt and incarcerated at the Seagoville Federal Detention Center. After several months of refusing to provide any information to the Receiver, Olsen gave his deposition and testified under oath that he did not have any assets. Based on this testimony, Olsen's contempt was purged and he was released from confinement. Based on the information obtained by the Receiver in the RDI matter, the Receiver now knows that Olsen's deposition testimony was false. Indeed, the Receiver has provided such false deposition testimony to the Securities and Exchange Commission so that perjury charges may be pursued against Olsen.

MOTION TO HOLD C. KELLY OLSEN IN CIVIL CONTEMPT FOR CONTINUED NON-COMPLIANCE WITH THIS COURT'S ORDERS AND FOR "SHOW JUST CAUSE" HEARING - Page 4

Respectfully submitted,

By: _Jeff Norris w/permission by Kelly Crawford_

JEFFREY B. NORRIS
Washington, D.C. Bar No. 424258
SECURITIES & EXCHANGE COMMISSION
801 Cherry Street, 19th Floor
Fort Worth, Texas  76102
Tele:  817/978-6452
Fax:  817/978-2700

ATTORNEYS FOR PLAINTIFF


SCHEEF & STONE, L.L.P.

By: _Kelly Crawford_

Kelly M. Crawford
State Bar No. 05030700
1400 Sherry Lane Place
5956 Sherry Lane
Dallas, Texas  75225
Telephone: (214) 706-4200
Facsimile:  (214) 706-4242

ATTORNEYS FOR RECEIVER


## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the Receiver's counsel has been unable to confer with C. Kelly Olsen about the intent of the Receiver to file this motion based upon his refusal to comply with the Court's Orders.  It is presumed, however, that Mr. Olsen opposes the relief sought in this Motion.

_Kelly Crawford_

KELLY M. CRAWFORD

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing will be served by personal service upon C. Kelly Olsen wherever he may be found, and by personal mail upon the persons listed on the Master Service List attached hereto on the 1 day of March 2005.

KELLY M. CRAWFORD

H:\epearson\SEC v. RDI 1494.100\Pleadings\Motions\Contempt-Olsen\Motion.doc



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE §
COMMISSION, §
§
        Plaintiff, §
    vs. §        No. 3:02-CV-0605-R
§
RESOURCE DEVELOPMENT §
INTERNATIONAL, LLC, DAVID EDWARDS, §
JAMES EDWARDS, §
JADE ASSET MANAGEMENT, LTD, SOUND §
FINANCIAL SERVICES, INC, §
INTERCOASTAL GROUP, LLC, §
INTERCOASTAL GROUP II, LLC, §
KEVIN LYNDS, GERALD J. STOCK, §
BLACKWOLF HOLDINGS, LLC and §
WILLIAM WHELAN, §
§
        Defendants, §
    and §
§
PACIFIC INTERNATIONAL LIMITED §
PARTNERSHIP, INTERNATIONAL §
EDUCATION RESEARCH CORPORATION, §
GALAXY ASSET MANAGEMENT, INC. and §
DAVID CLUFF, Individually and §
d/b/a RIVERA TRUST 410, §
§
        Defendants Solely for §
    Purposes of Equitable Relief. §



### ORDER FINDING C. KELLY OLSEN IN CONTEMPT OF COURT AND DIRECTING THE UNITED STATES MARSHAL TO TAKE INTO CUSTODY AND DETAIN C. KELLY OLSEN UNTIL FURTHER ORDER OF THIS COURT

The Court, having conducted a hearing on April 25, 2005 on the *Motion to Hold C. Kelly*

*Olsen in Civil Contempt for His Continued Non-Compliance with this Court's Orders and For*

*"Show Just Cause" Hearing* ("*Contempt Motion*") filed by the Receiver Lawrence J. Warfield

1



("Receiver"), the Court finds as follows:

1.  On March 25, 2002, the Court entered an *Order Appointing Temporary Receiver* ("*Receivership Order*"), which, as subsequently amended and supplemented by this Court, directs the Receiver to collect, receive, and take exclusive custody, control, and possession of certain assets ("Receivership Assets").

2.  The *Receivership Order* further enjoined all Defendants, Relief Defendants and all persons in active concert or participation with the Defendants or Relief Defendants who received actual notice of the *Receivership Order* to promptly deliver to the Receiver all Receivership Assets in the possession or under the control of any one or more of them and to promptly surrender all books and records of any kind pertaining or belonging to Defendants or Relief Defendants.

3.  On August 4, 2003, the Court entered *Order re: Petition No. 50* ("*Turnover Order*"). Pursuant to the *Turnover Order*, C. Kelly Olsen ("Mr. Olsen") was to turn over to the Receiver, within ten (10) days of the date of the order, a cashier's check made payable to the Receiver in the amount of $1,040,381.00, representing the Receivership Assets Mr. Olsen received, plus any other Receivership Assets held, owned, or controlled by Mr. Olsen.

4.  Mr. Olsen was served with the *Receivership Order* on or before September 25, 2003 and he was served with the *Turnover Order* on or before April 6, 2005.

5.  To date, Mr. Olsen has failed to turnover any Receivership Assets to the Receiver.

6.  On March 25, 2005, the Receiver filed the *Contempt Motion* against Mr. Olsen. On March 25, 2005, this Court entered the *Order for "Show Just Cause" Hearing* and ordered Mr. Olsen to appear before this Court on April 25, 2005, at 10:00 a.m., and show cause as to why he should not be held in civil contempt of court for failing to comply with this Court's orders, as

2

set forth herein. The *Order for "Show Just Cause" Hearing* was served on Mr. Olsen on April 6, 2005.

7.    On April 25, 2005, this Court conducted a hearing to consider the *Contempt Motion*. Mr. Olsen appeared before the Court as ordered, but failed to show cause as to why he should not be held in contempt of court.

8.    Mr. Olsen is in contempt of this Court's orders for:

    a.    failing to comply with the *Receivership Order*; and

    b.    failing to comply with the *Turnover Order*.

NOW, THEREFORE, IT IS ORDERED that C. Kelly Olsen shall be remanded into the custody of the United States Marshall and taken to the detainment facility located nearest to the Dallas Division of the United States District Court for the Northern District of Texas and there remain incarcerated until such time as he (a) turns over to the Receiver $1,372,680.29, representing the Receivership Assets Mr. Olsen received, plus any other Receivership Assets held, owned, or controlled by Mr. Olsen; or (b) provides the Receiver an accounting tracing all transfers of Receivership Assets into, between, and out of accounts over which Mr. Olsen exercises control and provides bank documents showing such transfers, including checks, wire transfer directives, or account statements, and showing that such funds are no longer in his possession or control, including signature cards for all accounts identified in the accounting.

3

SIGNED this 25 day of _____ April _____, 2005.

JUDGE JERRY BUCHMEYER
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL – 6 2005

CLERK, U.S. DISTRICT COURT
By _____
Dep...

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § | |
| vs. § § | No. 3:02-CV-0605-R |
| RESOURCE DEVELOPMENT INTERNATIONAL, LLC, DAVID EDWARDS, JAMES EDWARDS, JADE ASSET MANAGEMENT, LTD, SOUND FINANCIAL SERVICES, INC, INTERCOASTAL GROUP, LLC, INTERCOASTAL GROUP II, LLC, KEVIN LYNDS, GERALD J. STOCK, BLACKWOLF HOLDINGS, LLC and WILLIAM WHELAN, § § § § § § § § § § § § § § | |
| Defendants, § § | |
| and § § | |
| PACIFIC INTERNATIONAL LIMITED PARTNERSHIP, INTERNATIONAL EDUCATION RESEARCH CORPORATION, GALAXY ASSET MANAGEMENT, INC. and DAVID CLUFF, Individually and d/b/a RIVERA TRUST 410, § § § § § § § § | |
| Defendants Solely for Purposes of Equitable Relief. § § | |

## ORDER GRANTING C. KELLY OLSEN A CONDITIONAL FURLOUGH

CAME ON before the Court for consideration the request by C. Kelly Olsen that he be granted a furlough from incarceration. After conducting a hearing in which the Court considered the arguments of Mr. Olsen, the Receiver, and the Securities and Exchange Commission, the Court finds as follows:

Exhibit C

1.    On April 25, 2005, this Court conducted a show cause hearing at which Mr. Olsen appeared, and the Court found Mr. Olsen in contempt of this Court's orders for:

> a.  failing to comply with the *Receivership Order*; and
>
> b.  failing to comply with the Court's *Turnover Order,* which compelled Mr. Olsen to turn over to the Receiver the sum of $1,372,680.29, representing the Receivership Assets Mr. Olsen received.

2.    At the April 25, 2005 hearing, the Court ordered the United States Marshall to take C. Kelly Olsen into custody and incarcerate him at the detainment facility located nearest to the Dallas Division of the United States District Court for the Northern District of Texas until such time as Mr. Olsen either (a) turns over to the Receiver $1,372,680.29, representing the Receivership Assets Mr. Olsen received, plus any other Receivership Assets held, owned, or controlled by Mr. Olsen; or (b) provides the Receiver an accounting tracing all transfers of Receivership Assets into, between, and out of accounts over which Mr. Olsen exercises control and provides bank documents showing such transfers, including checks, wire transfer directives, or account statements, and showing that such funds are no longer in his possession or control, including signature cards for all accounts identified in the accounting.

3.    On May 26, 2005, the Receiver took the deposition of Mr. Olsen at the Mansfield Detention Center where Mr. Olsen was incarcerated and the deposition was recessed because of a lack of documentation to corroborate Mr. Olsen's testimony regarding the disposition of Receivership Assets traced to Mr. Olsen. On July 1, 2005, the Receiver and the Securities and Exchange Commission continued the deposition of Mr. Olsen.

4.    Mr. Olsen testified in his depositions that a portion of the Receivership Assets he received were deposited into Settlors Corporation that was controlled by Denise Bartlett; another

portion of the Receivership Assets were deposited into Sojain Corporation, an offshore account at the Bank of Nevis, in which Mr. Olsen and his wife were signatories; and another portion of the Receivership Assets were transferred, at the instruction of Paul Maseline, acting on behalf of Olsen, to Suisse Security Holdings.

5.     Mr. Olsen represented to this Court that he desires a furlough so that he can obtain evidence to corroborate his testimony.     The Receiver and the Securities and Exchange Commission informed the Court that they are skeptical of the testimony of Mr. Olsen and therefore cannot recommend a furlough, but do not oppose a limited furlough to give Mr. Olsen the opportunity to corroborate his testimony.

6.     Mr. Olsen remains in contempt of the Court's Orders and has not purged himself of contempt.

NOW, THEREFORE, IT IS ORDERED that C. Kelly Olsen shall be granted a conditional furlough from incarceration at the Mansfield Detention Center until ~~August~~ September 6, 2005 to turnover or provide to the Receiver an accounting of the disposition of $1,372,680.29 in Receivership Assets traced to Mr. Olsen, including the obligation to:

a.     Turnover or provide an accounting, supported by bank documents and checks, front and back, of the disposition of Receivership Assets traced to an account in the name of Sojain Corporation at the Bank of Nevis;

b.     Turnover or provide an accounting, supported by bank documents and checks, front and back, of the disposition of Receivership Assets traced to Mr. Olsen that he deposited with Settlors Corporation;

c.     Turnover or provide an accounting, supported by bank documents and checks, front and back, of the disposition of Receivership Assets traced to

3

Suisse Trust Company, Ltd.

IT IS FURTHER ORDERED that C. Kelly Olsen shall provide the turnover of funds or the accounting set forth above to the Receiver by on or before August 22, 2005 at 5:00 p.m.;

IT IS FURTHER ORDERED that C. Kelly Olsen shall appear before the Court on September 6th, 2005 at 10:00 a.m., without further order of the Court, for a hearing on whether to revoke the conditional furlough and remand Mr. Olsen into custody of the United States Marshals to be taken to the Mansfield Detention Center until such time as he complies with the orders of this Court or to dismiss the contempt against Mr. Olsen.

IT IS FURTHER ORDERED that the United States Marshals shall release Mr. Olsen from incarceration for this furlough immediately ~~upon Mr. Olsen surrendering to the United States Marshalls Mr. Olsen's passport.~~

SIGNED this 6 day of July, 2005.

Jerry Buchmeyer

JUDGE JERRY BUCHMEYER
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

4