UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| C. Kelly Olsen, | : | |
| | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 06-0478 (GK) |
| | : | |
| Dan Joslin, | : | |
| | : | |
| Respondent. | : | |

TRANSFER ORDER

Before the Court is Petitioner's *pro se* application for a writ of *habeas corpus*. Petitioner is incarcerated at the Seagoville Federal Detention Center in Seagoville, Texas. *Habeas corpus* actions are subject to certain jurisdictional and statutory limitations. Petitioner correctly names his warden as the proper respondent to the petition. *See Rumsfeld v. Padilla,* 124 S.Ct. 2711 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) *(citing Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). It is settled, however, that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Petitioner's warden is not within this Court's territorial jurisdiction. The Court therefore lacks jurisdiction over the warden and the petition. *See id*. (reversing the district court's decision on the merits for "want of jurisdiction"). The Court finds it in the interest of justice to transfer the case to the appropriate judicial district. Accordingly, it is

ORDERED that, pursuant to 28 U.S.C. § 1406(a), this case is **transferred** to the United States District Court for the Northern District of Texas; and it is

2

FURTHER ORDERED that the show cause order issued by this Court on March 20, 2006, is **vacated**.

April 25, 2006

/s/
GLADYS KESSLER
U.S. District Judge